UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
ANTHONY BUSSIE,

                Plaintiff,         **MEMORANDUM & ORDER**
                                                               **TO SHOW CAUSE**
              v.                       16-CV-7006 (MKB)

IRS COMISSIONER,

                Defendant.
------------------------------------------------------------------
ANTHONY BUSSIE,

                Plaintiff,

              v.                       17-CV-157 (MKB)

NIKKI HALEY,

                Defendant.
------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On December 16, 2016 and January 4, 2017, Plaintiff Anthony Bussie, proceeding *pro se* and currently civilly detained at the Federal Medical Center in Butner, North Carolina, filed the two above-captioned actions against Defendants Internal Revenue Service ("IRS") Commissioner in Kansas City, Missouri and Nikki Haley,[1] Governor of South Carolina, who has been proposed as the United States Ambassador to the United Nations, respectively.[2] (Compl. ("First Compl.") 1, No. 16-CV-7006, Docket Entry No. 1; Compl. ("Second Compl.") 1, No. 17-CV-157, Docket Entry No. 1.) The actions are consolidated for the purpose of this

---

    [1] Plaintiff identifies Haley as a United Nations Ambassador. (Compl. ("Second Compl.") 1, No. 17-CV-157, Docket Entry No. 1.)

    [2] Because the Complaints are not paginated, the Court refers to the electronic document filing system pagination.

Memorandum and Order. Plaintiff's requests to proceed *in forma pauperis* are granted pursuant to 28 U.S.C. § 1915(a) for the limited purpose of this Memorandum and Order. For the reasons discussed below, the Court dismisses the Complaints as frivolous and directs Plaintiff to show cause why he should not be barred from filing any new actions under the *in forma pauperis* statute without first obtaining the Court's permission to do so.

I. **Background**

   a. **Plaintiff's personal history**

Sometime in or around 2012, Plaintiff was detained and held in federal custody on criminal allegations that he threatened to harm a member of the United States Congress. *See Bussie v. Mohamed*, No. 14-CV-5454, 2014 WL 7338802, at *1 (E.D.N.Y. Dec. 22, 2014) (citing *United States v. Bussie*, 12-CR-229 (D.N.J. Jan. 12, 2012)); *Bussie v. Boehner*, 21 F. Supp. 3d 244, 245 (E.D.N.Y. 2014) (citing *Bussie*, 12-CR-229). On or about April 2, 2015, Plaintiff was ordered civilly committed pursuant to 18 U.S.C. § 4246(d). *See* Order, *United States v. Bussie*, No. 14-HC-2186 (E.D.N.C. Apr. 2, 2015), Docket Entry No. 16; *see also United States v. Bussie*, 637 F. App'x 102, 102 (4th Cir. 2016) (affirming the district court's order civilly committing Plaintiff). A United States district court judge subsequently found Plaintiff mentally incompetent to stand trial and, on April 16, 2015, dismissed the criminal charges against Plaintiff without prejudice. *See* Order, *United States v. Bussie*, No. 12-CR-229 (D.N.J. Apr. 16, 2015), Docket Entry No. 43. Plaintiff is currently committed to the Federal Medical Center in Butner, North Carolina.[3] (Second Compl. 1.)

---

[3] Although Plaintiff is hospitalized in a federal facility pursuant to 18 U.S.C. § 4246(d), the circuits courts that have considered this issue have determined that a person committed to the custody of the Attorney General of the United States under 18 U.S.C. § 4246(d) is not a "prisoner" under the Prison Litigation Reform Act ("PLRA"). *See Hicks v. James*, 255 F. App'x 744, 748 (4th Cir. 2007) (finding that Hicks' detention pursuant to 18 U.S.C. § 4246 "does not

b.  **Complaint allegations**

In the First Complaint, Plaintiff alleges a violation of his Eight Amendment rights, asserting that the IRS office in Kansas City, Missouri, deducted money from his prison account to pay federal court filing fees. (First Compl. 2–3.) Plaintiff seeks damages and other relief. (*Id*. at 3.) In the Second Complaint, Plaintiff indicates that the "nature of the suit is 440 civil right[s]" and seeks an order requiring Nikki Haley to bring his "crisis, atrocity and human rights issue to the United Nations in New York." (Second Compl. 1, 3.)

c.  **Plaintiff's litigation history**

The Complaints are the thirteenth and fourteenth complaints Plaintiff has filed in the Eastern District of New York, but Plaintiff has filed over 100 actions in federal district courts across the United States and is under a filing injunction in the District of New Jersey, his pre-incarceration domicile, preventing him from filing claims based on an alleged intelligence and war contract with the United States government. *See* Filing Injunction Order, *Conjured Up Entm't v. United States*, No. 11-CV-2824 (D.N.J. July 26, 2011), Docket Entry No. 9. In the Eastern District, Plaintiff's actions have been dismissed for various reasons: as frivolous under

---

meet the PLRA's definition of a prisoner) (collecting cases from the Fourth, Eighth, Ninth and Eleventh Circuits). The PLRA defines a prisoner as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). Plaintiff's status has changed from pretrial detainee to an individual hospitalized pursuant to a Section 4246 commitment order and his appeal seeking review of his commitment order was denied. *See Bussie*, 637 F. App'x at 102. Therefore, Plaintiff is not a prisoner under the PLRA because Plaintiff's "detention under [Section] 4246 is not the result of a violation of criminal law and does not relate to conditions of parole, probation, pretrial release, or a diversionary program." *Hicks,* 255 F. App'x at 748. The Court may no longer apply the PLRA's three strike provision to deny his request to proceed *in forma pauperis*. The Court may, however, review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which applies to any proceeding *in forma pauperis*.

28 U.S.C. §§ 1915A(b)[4] or 1915(e)(2)(B)(i);[5] for lack of jurisdiction;[6] for failure to comply with filing requirements;[7] or as barred by the Prison Litigation Reform Act's ("PLRA") three strikes provision.[8]

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's

---

[4] *See Bussie v. Dep't of Defense*, No. 13-CV-4574, 2013 WL 5348311, at *2 (E.D.N.Y. Sept. 23, 2013).

[5] *See* Memorandum and Order, *Bussie v. Bharara*, No. 16-CV-1342 (E.D.N.Y. Aug. 24, 2016), Docket Entry No. 9; Memorandum and Order, *Bussie v. Lew*, No. 16-CV-2511 (E.D.N.Y. Aug. 24, 2016), Docket Entry No. 7; Memorandum and Order, *Bussie v. Lew*, No. 16-CV-3780 (E.D.N.Y. Aug. 24, 2016), Docket Entry No. 6.

[6] Memorandum and Order, *Bussie v. Fed. Pub. Def. Org.*, No. 15-CV-4722 (E.D.N.Y. Nov. 20, 2015), Docket Entry No. 6; Memorandum and Order, *Bussie v. United States of America*, No. 14-CV-7010 (E.D.N.Y. Feb. 25, 2015), Docket Entry No. 4.

[7] Order, *Bussie v. Pelosky,* No. 15-CV-6220 (E.D.N.Y. Nov. 19, 2015), Docket Entry No. 4; Order, *Bussie v. Boehner*, No. 15-CV-2464 (E.D.N.Y. June 10, 2015), Docket Entry No. 6.

[8] *See* Memorandum and Order, *Bussie v. Bharara*, No. 15-CV-3237 (E.D.N.Y. June 6, 2016), Docket Entry No. 4; *Bussie v. Mohamed*, No. 14-CV-5454, 2014 WL 7338802, at *2 (E.D.N.Y. Dec. 22, 2014); *Bussie v. Gov. Accountability Office*, No. 14-CV-2665, 2014 WL 2178212, at *2 (E.D.N.Y. May 23, 2014); *Bussie v. Boehner*, 21 F. Supp. 3d 244, 246 (E.D.N.Y. 2014).

pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Actions are dismissed as frivolous

"An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted) (quoting *Nance v. Kelly,* 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)). "A claim is based on an indisputably meritless legal theory when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Id.* (internal quotation marks and citations omitted). The Supreme Court has noted that:

> [T]he *in forma pauperis* statute, unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.

Here, the factual contentions of the First Complaint are "indisputably meritless." *Livingston*, 141 F.3d at 437. Plaintiff makes no factual allegations that could arguably support a claim; instead, he makes a generalized allegation that the IRS is "improperly charging his prison account." (First Compl. 3). Although he correctly states that he is not a "prisoner" under the PLRA, *see supra* n.3, his reference to the alleged collection of fees is not a violation of the Eighth Amendment and does not establish a basis for any other claim against the IRS Commissioner. Plaintiff's allegations in the Second Complaint are similarly "indisputably meritless." *Livingston*, 141 F.3d at 437. Plaintiff does not assert any legal violation, but indicates "nature of the action 440," (Second Compl. 1), which is not the basis for a cause of action. Further, it is unclear what cause of action Plaintiff would have against Haley in her role as United States Ambassador to the United Nations, particularly since Congress has not yet confirmed her appointment to that position. Accordingly, the Court dismisses the Complaints as frivolous.[9] 28 U.S.C. § 1915(e)(2)(B)(i); *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 119 (2d Cir. 2015) ("Courts have both statutory and inherent authority to *sua sponte* dismiss frivolous suits.").

While the Court would ordinarily allow Plaintiff an opportunity to amend his pleadings, *Cruz v. Gomez,* 202 F.3d 593, 597 (2d Cir. 2000), it need not afford that opportunity here, where it is clear from the face of the Complaints that the claims are frivolous. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding that leave to amend would be futile because the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded . . . .").

---

[9] Because Plaintiff is proceeding *pro se*, the Court must liberally construe the allegations in the Complaints "to raise the strongest arguments they suggest." *Wiley v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015). However, the Court was unable to make out any other possible causes of action against the Defendants based on the allegations in the Complaints.

### c. Filing Injunction

In *Lau v. Meddaugh*, the Second Circuit upheld the district court's authority to issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) (citation and internal quotation marks omitted); *see also Pandozy v. Tobey*, 335 F. App'x 89, 92 (2d Cir. 2009); *Williams v. N.Y.C. Hous. Auth.*, No. 06-CV-5473, 2008 WL 5111105, at *5 (E.D.N.Y. Dec. 4, 2008) (citing *Meddaugh*, 229 F.3d at 123). However, it is the "[t]he unequivocal rule in this Circuit . . . that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Iwachiw v. N.Y.S. Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (quoting *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)).

Plaintiff is on notice that the district court may impose an injunction because the most recent dismissal of his action in the Eastern District, a consolidated order dismissing three *in forma pauperis* actions,[10] included a warning that a filing injunction may be entered if Plaintiff continued to file non-meritorious actions. In light of Plaintiff's litigation history and these two additional frivolous Complaints, he is ordered to show cause in writing by affirmation why he should not be barred from filing *any* further *in forma pauperis* actions in this Court without first obtaining permission from this Court to do so. *See Moates*, 147 F.3d at 208–209. Should Plaintiff fail to timely submit his affirmation, or should Plaintiff's affirmation fail to set forth good cause why this injunction should not be entered, he shall be barred from filing any further *in forma pauperis* actions in this Court without first obtaining permission to do so.

---

[10] *See* Memorandum and Order, *Bussie v. Bharara*, No. 16-CV-1342 (E.D.N.Y. Aug. 24, 2016), Docket Entry No. 9; Memorandum and Order, *Bussie v. Lew*, No. 16-CV-2511 (E.D.N.Y. Aug. 24, 2016), Docket Entry No. 7; Memorandum and Order, *Bussie v. Lew*, No. 16-CV-3780 (E.D.N.Y. Aug. 24, 2016), Docket Entry No. 6.

### III. Conclusion

For the foregoing reasons, the Court dismisses the Complaints as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Furthermore, Plaintiff is ordered to show cause, within thirty (30) days from the date of this Memorandum and Order, why he should not be barred from filing *any* new actions under the *in forma pauperis* statute without first obtaining the Court's permission to do so. All future proceedings shall be stayed for thirty days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: January 27, 2017
         Brooklyn, New York